No. 3409

*Second Circuit*

LEVASSEUR v. BOARD OF COMMISSION-
ERS OF GRAVITY DRAINAGE DIST.
NO 1 OF BOSSIER PARISH

(November 8, 1928. Opinion and Decree.)

Murff and Perkins, of Shreveport, attor-
neys for plaintiff, appellee.

Herndon and Herndon, of Shreveport, at-
torneys for defendant, appellant.

WEBB, J. The plaintiff, J. E. Levasseur,
entered into a contract with the defend-
ant, Board of Commissioners of Gravity
Drainage District No. 1 of Bossier Parish,
Louisiana, to construct a bridge on the
Dixie-Overland highway over a canal ex-
cavated by the defendant across the high-
way, for a fixed price and according to the
specifications as required by the Louisiana
Highway Commission.

While the work was in course of con-
struction it was necessary that a detour be
constructed for the passage of traffic over
the highway, the route of the detour in-
cluding a temporary bridge over the canal,
which, together with the detour, was con-
structed by the plaintiff under the super-
vision of the engineer representing the
defendant and paid for on force account,
and, during the course of the work, the en-
gineer representing the defendant ordered
a watchman placed on the work, and in
the present suit, for an amount claimed to
have been paid by the contractor for the
services of the watchman, the plaintiff ob-
tained judgment, and the defendant ap-
peals.

The plaintiff contends that the watch-
man was employed to guard the detour and
that he was not, under his contract, obli-
gated to furnish a watchman for such pur-
pose; while the defense was, that the
watchman was ordered for the protection
of the entire work, and that, under the
specifications, the contractor was obligated
to furnish a watchman.

The specifications contain the following
provision:

"The contractor shall provide, erect and
maintain all necessary barricades, suitable
and sufficient red lights, danger signals
and signs, provide a sufficient number of
watchmen and take all necessary precau-
tions for the protection of the work and
safety of the public. Highways closed to
traffic shall be protected by effective barri-
cades, on which shall be placed acceptable
warning signs. The contractor shall pro-
vide and maintain acceptable warning and

detour signs at all closures, intersections and along the detour routes, directing the traffic around the closed portion or portions of this highway, so that the temporary detour route or routes shall be indicated clearly throughout its or their entire length. All barricades and obstructions shall be illuminated at night, and all lights shall be kept burning from sunset until sunrise."

Under which defendant contends that the contractor was obligated to furnish the watchman, while plaintiff contends that the provisions related solely to the work of constructing the bridge along the highway, and not to the detour, or, if applicable to the latter, that where the work of constructing and maintaining the detour had been let on force account, the contractor was to be paid for the services of the watchman on the same terms.

The detour, as stated, was constructed and maintained as extra work, or under force account, and when it was necessary to employ a watchman to protect the detour, the services of the watchman should, we think, be considered as necessary for maintaining the detour and have been paid for on that basis, as other work was paid for under the contract, that is, on force account.

There was some conflict in the evidence as to whether or not the watchman was ordered to be placed on the entire work or on the detour. However, it is established that at the time the watchman was ordered on the work, the engineer was apprehensive as to the sufficiency of the temporary bridge on the detour route to withstand the force of the current or debris thrown against it, and as the evidence fails to show to the contrary, we assume that the condition continued to exist during the time that the watchman was employed and as the evidence indicates that the services of the watchman were almost exclusively confined to the detour, and there is not any suggestion that the expense incurred by the contractor for the services of the watchman should have been pro rated, and as the judgment allowed reimbursement for the amount expended, we find the allowance was substantially correct, and the judgment affirmed.